UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNATHAN ARNOLD,

                Plaintiff,

        -against-

KELLY RODRIGUEZ,

                Defendant.

24-CV-0783 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Johnathan Arnold, who is proceeding *pro se* and *in forma pauperis* ("IFP"),[1] brings this action asserting an excessive force claim against Orange County Jail ("OCJ") Correction Officer, Kelly Rodriguez. He asserts that Rodriguez and four other OCJ correction officers assaulted him on January 3, 2024, at OCJ. Plaintiff submitted to this court a New York State-issued form, naming Rodriguez as the Defendant, listing himself as the "victim," and identifying the Town of Goshen as the "Town Court." (ECF 1, at 1.) The Clerk of Court opened the submission as a complaint.

    In addition to this action, Plaintiff submitted four other similarly formatted forms, each of which names one of the other OCJ officers allegedly involved in the January 3, 2024 assault. Plaintiff also submitted an IFP application with each of those forms, and the Clerk's Office opened four additional actions, *Arnold v. Castro*, ECF 1:24-CV-0785, 1 (S.D.N.Y., complaint rec'd Jan. 31, 2024); *Arnold v. Kastor*, ECF 1:24-CV-0788, 1 (S.D.N.Y., complaint rec'd Jan. 31,

---

[1] The Court granted Plaintiff's IFP application on February 8, 2024, waiving prepayment of the $350.00 filing fee. Plaintiff is still obligated to pay the entire fee, *see* 28 U.S.C. § 1915(b), because he is a prisoner, as defined in the IFP statute. *See* 28 U.S.C. § 1915(h) ("[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]").

2024); *Arnold v. Clune*, ECF 1:24-CV-0847, 1 (S.D.N.Y., complaint rec'd Jan. 31, 2024); *Arnold v. Bruder*, ECF 1:24-CV-0851, 1 (S.D.N.Y., complaint rec'd Feb. 1, 2024).

In light of Plaintiff's *pro se* status, and his clear intention to bring a lawsuit against the five officers who allegedly assaulted him, the Court construes the five forms Plaintiff submitted as a single complaint filed in this action.[2] *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Accordingly, the Court directs the Clerk of Court to create one document from the five forms and file the newly created document as an amended complaint in this action, under docket number 24-CV-0783. The Court also directs the Clerk of Court to close the other four actions, without prejudice to the litigation of those claims in this action.

## CONCLUSION

The Court directs the Clerk of Court to create one document from the following five documents: (1) document number 1 in case number 24-CV-0783; (2) document number 1 in case number 24-CV-0785; (3) document number 1 in case number 24-CV-0788; (4) document number 1 in case number 24-CV-0847; and (5) document number 1 in case number 24-CV-0851.

The Court further directs the Clerk of Court to file that document as an amended complaint in this action.

Finally, the Court directs the Clerk of Court to file this order in the four other cases Plaintiff filed (under docket numbers 24-CV-0785, 24-CV-0788, 24-CV-0847, and 24-CV-0851), and close those cases without prejudice to the litigation of those claims in this action.

Should Plaintiff object to this order, directing the Clerk of Court to create one complaint and dismiss the four other actions, he must alert the Court within two weeks by submitting a

---

[2] The Court notes that, if these actions proceeded as five separate actions, Plaintiff would be obligated to pay $1,750.00 in fees.

motion for reconsideration, asking the Court to vacate this order. If Plaintiff does not object to this order, no action is required by him. Following the time allowed to object, if Plaintiff does not object, the Court will direct the Clerk of Court to enter judgment dismissing the four other actions without prejudice.

The Court is directed **not** to charge Plaintiff the $350.00 fee for each of the four other actions.[3]

No summons will issue at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 14, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[3] Should Plaintiff object to this order and wishes to proceed with the five separate actions, the Court will grant his IFP applications. As noted in footnote 2, Plaintiff will be obligated to pay $1,750.00 if he proceeds with the actions separately.